IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

In re the Trusteeship created by
the Director of the State of Nevada
Department of Business and Industry

Wells Fargo Bank, N.A., Trustee,

    Petitioner

    v.

Eaton Vance Municipal Income Trust,
Eaton Vance Municipal Bond Fund, and
Eaton Vance Municipal Bond Fund II,

    Respondents.

Case No. _____

## NOTICE OF REMOVAL

Respondents, Eaton Vance Municipal Income Trust, Eaton Vance Municipal Bond Fund, and Eaton Vance Municipal Bond Fund II (collectively "Eaton Vance"), by and through their undersigned counsel, hereby file this Notice of Removal to remove the above-captioned action from the District Court for State of Minnesota in Hennepin County, Fourth Judicial District to the United States District Court for the District of Minnesota, pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446. In support of this Notice of Removal, Eaton Vance states as follows:

### INTRODUCTION

1. Wells Fargo Bank, N.A. (the "Trustee") filed a Petition for Instruction ("TIP Petition") pursuant to Minn. Stat. § 501B.16 on February 1, 2011, in the Minnesota District Court for the Fourth Judicial District, Hennepin County, Case No. 27-TRCV-11-13 ("TIP

Proceeding"). Eaton Vance received a copy of the TIP Petition in that action on or about February 1, 2011, and now removes the TIP Proceeding to this Federal Court. This Notice of Removal is timely under 28 U.S.C. § 1446(b) as it is filed within 30 days of the date upon which the TIP Petition was filed. Copies of the documents which have been filed in the TIP Proceeding as of February 24, 2010, are attached hereto as Exhibits A through D. A copy of the TIP Petition is attached hereto as Exhibit B.

2. As set forth below, the TIP Petition seeks a court order that the Trustee may compel all bondholders to accept the terms of a privately negotiated settlement agreement entered into by certain bondholders. Eaton Vance, a bondholder but not a party to the settlement agreement, opposes the terms of the settlement agreement as well as the Trustee's claim that it can bind all bondholders.

## DIVERSITY JURISDICTION

3. 28 U.S.C. § 1332(a) provides that district courts shall have original jurisdiction over all matters where the amount in controversy is greater than $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a).

4. This action is one of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one that may be removed to this Court by Eaton Vance pursuant to 28 U.S.C. § 1441 *et seq.*

5. The Trustee is a citizen of South Dakota where its main office is located.[1]

6. All three Respondent Eaton Vance entities are citizens of Massachusetts because they are Massachusetts business trusts that were formed under the laws of the Commonwealth of Massachusetts and maintain principal places of business in Massachusetts. The trustees of the three Respondent Eaton Vance entities are individuals and domiciled in California, Massachusetts, New York, and the District of Columbia.

7. Accordingly, there is complete diversity of citizenship between the Trustee on one hand and Eaton Vance on the other hand.

8. The amount in controversy exceeds $75,000, exclusive of interest and costs. Because this controversy is between citizens of different states and the amount in controversy exceeds $75,000, removal is proper under 28 U.S.C. §§ 1332 and 1441.

## FACTS

9. This dispute arises out of events occurring after the issuance of Las Vegas Monorail Project Revenue Bonds (the "LVM Bonds"). The LVM Bonds were issued pursuant to a Senior Indenture dated September 1, 2000 ("Trust Indenture") between the Director of the State of Nevada Department of Business and Industry and the Trustee. The Trust Indenture was established under the laws of Nevada to administrate certain municipal bond instruments sold to and purchased by the investing bondholders, including Eaton Vance. The LVM Bonds were issued for and collateralized by the Las Vegas Monorail project in Las Vegas, Nevada. The

---

[1] *See* In re Arbitration between Wells Fargo Bank, N.A. and WMRC-Pin-LLC, et al., 2011 WL 5429134 (D. Minn. 2008), finding Wells Fargo Bank, N.A., to be a citizen of South Dakota where its main office is located.

LVM Bonds were insured by a Financial Guaranty Insurance Policy and a 1st Tier Surety Reserve Bond ("Insurance Policies") issued by Ambac Assurance Corporation, a Wisconsin limited stock insurance corporation ("Ambac").

10. On January 13, 2010, the Las Vegas Monorail project filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the District of Nevada. The bankruptcy case is currently pending.

11. As a result of the financial failing of the Las Vegas Monorail project, payment defaults occurred, and the value of the LVM Bonds has been significantly reduced. Pursuant to the terms of the Insurance Policies, the Trustee sought to collect amounts due and owing under the LVM Bonds from Ambac.

12. During this same time period, Ambac also was facing financial difficulties. In March 2010, Ambac assigned a number of insurance policies and obligations, including the Insurance Policies, to a specially created segregated account (the "Segregated Account") pursuant to Wis. Stat. § 645.33(5). Shortly thereafter, the Office of the Commissioner of Insurance of the State of Wisconsin ("Commissioner") instituted a Rehabilitation Proceeding in the Circuit Court of Dane County, Wisconsin (the "Circuit Court") at Case No. 10CV1576 (the "Rehabilitation Proceeding"). The Rehabilitation Proceeding has involved significant litigation including appeals that are ongoing. On January 24, 2011, a Rehabilitation Plan was approved by order of the Circuit Court (the "Confirmation Order"). The time for an appeal of the Confirmation Order has not yet expired, and appeals are anticipated to be filed.

13. Until mid-November 2010, Eaton Vance participated in the Rehabilitation Proceeding as a member of a group of holders of LVM Bonds consisting of Nuveen Asset

7457849v1                         4

Management ("Nuveen"), Restoration Capital Management LLC ("Restoration"), Stone Lion Capital Partners LLP ("Stone Lion") and Eaton Vance (the "Bondholder Group").[2] By mid-November 2010, Nuveen, Restoration, and Stone Lion (the "Settling Bondholders") had determined that they wanted to settle matters with Ambac on terms similar to those contained in the Settlement Agreement described below. When Eaton Vance expressed opposition to settling on those or similar terms, it was forced to leave the Bondholder Group and was excluded from future negotiations.

14. The negotiations from which Eaton Vance was excluded ultimately resulted in a Settlement Agreement dated as of December 27, 2010 ("Settlement Agreement"), by and among Ambac, the Commissioner and the Settling Bondholders relating to Ambac's obligations under the Insurance Policies. The Settlement Agreement provides for the commutation of the Insurance Policies in exchange for certain payments from the Segregated Account, subject to a declaration from a Minnesota court of competent jurisdiction that the Trustee may settle and resolve all claims against Ambac under the Insurance Policies based on the terms in the Settlement Agreement and bind all bondholders to the Settlement Agreement.

15. Through the TIP Proceeding, the Trustee seeks court approval of a novel proposition: to force the terms of the private settlement on all of the bondholders and bind all bondholders to the terms of the Settlement Agreement with no opt-out provision.

16. Eaton Vance objects to and opposes the private settlement relating to the Insurance Policies and the Trustee's efforts to bind all of the bondholders through the TIP Proceeding.

---

[2] The Bondholder Group owns approximately 80% of the outstanding LVM Bonds.

17. The initial principal amount of the Bonds was $451,448,217.30 and any fractional settlement of the Ambac Policies will exceed $75,000 in total.

## FURTHER MATTERS

18. Removal to this court is appropriate pursuant to 28 U.S.C. §§ 1332(a) and 1441(a) because the United States District Court for the District of Minnesota is the federal judicial district embracing the Minnesota District Court for the County of Hennepin, Fourth Judicial District, the court in which the TIP Petition was originally filed. However, in removing this action to federal court, Eaton Vance expressly reserves, and does not waive, any and all rights and defenses that it has or may have, including, but not limited to, defenses based on lack of jurisdiction and *forum non conveniens*.

19. A copy of this Notice of Removal will be served upon the Trustee as required by 28 U.S.C. § 1446(d).

20. A notice of filing of this Notice of Removal will be filed with the Minnesota District Court for the County of Hennepin, Fourth Judicial District, promptly in accordance with 28 U.S.C. § 1446(d), and is attached as Exhibit E.

WHEREFORE, notice is given that this action is removed from the Minnesota District Court for the County of Hennepin, Fourth Judicial District to the United States District Court for the District of Minnesota.

Date: February 25, 2011

Respectfully submitted,

*[signature]*

Robert P. Thavis (Atty. No. 122488)
LEONARD STREET AND DEINARD
150 South Fifth Street
Suite 2300
Minneapolis, MN 55402
Ph: (612) 335-1500
robert.thavis@leonard.com

Counsel for:
Eaton Vance Municipal Income Trust,
Eaton Vance Municipal Bond Fund, and
Eaton Vance Municipal Bond Fund II

Of Counsel:

Jeffrey W. Spear
Joel M. Walker
Kenneth M. Argentieri
DUANE MORRIS LLP
600 Grant Street, Suite 5010
Pittsburgh, PA 15219
Ph: (412) 497-1000

[Pro hac vice notices to be filed promptly]

7457849v1

7